

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
SEP 2 2 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| BRYAN SPIEL,  | CIV 05-3017 |
| Petitioner, | |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Petitioner was indicted in CR 03-30004-05 for one count of conspiracy to possess with the intent to distribute methamphetamine (the penalty for which includes a mandatory minimum custodial sentence of 10 years up to a maximum of life imprisonment) and two counts of use of a communications facility in causing or facilitating the commission of a felony under the Controlled Substance Act (the penalty for which includes a maximum custodial term of four years on each count). He pleaded guilty to a superseding information charging possession with intent to distribute methamphetamine (which limited his maximum custodial sentence to 20 years with no mandatory minimum). Petitioner was sentenced on February 17, 2004, to 46 months custody followed by three years supervised release.

Petitioner filed a *pro se* notice of appeal. The government filed a motion to dismiss the appeal based upon the petitioner's waiver of his appeal rights in the plea agreement. Petitioner's retained trial counsel filed a motion to withdraw and for an extension of time to respond to the government's motion to dismiss appeal. The United States Court of Appeals ultimately granted the motion to withdraw as counsel and granted the government's motion to dismiss the appeal prior to any responsive pleading being filed on behalf of petitioner. The Eighth Circuit entered a corrected judgment dismissing the appeal on May 7, 2004. The time for filing a petition for a writ of certiorari expired August 5, 2004, Sup. Ct. R. 13.1, and the conviction thus became final

on that date. Clay v. United States. 537 U.S. 522, 525, 123 S.Ct. 1072, 1074, 155 L.Ed.2d 88 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). On November 1, 2004, petitioner filed a *pro se* motion to recall the mandate based upon the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). That motion was denied on November 11, 2004. Petitioner filed a motion for reconsideration, which was denied on December 7, 2004.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 13, 2005. He contends that he received ineffective assistance of counsel at trial and on appeal, that his counsel had a conflict of interest which prevented him from receiving a substantial assistance departure, and that his sentence was imposed in violation of the United States Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

### I. Sentencing Issues.

The Supreme Court has not made Blakely or Booker retroactive to cases on collateral review. The non-retroactive application of Booker and Blakely is further supported by the fact that Apprendi itself, upon which Blakely and Booker rest, has not been applied retroactively. United States v. Moss, 252 F.3d 993, 998 (8th Cir.2001) ("we do not believe *Apprendi* 's rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial"). The Supreme Court specifically stated in Booker that its holdings apply "to all cases on direct review." Booker, 125 S.Ct. at 769. This statement is evidence that the Supreme Court does not intend for its holdings in Booker to apply retroactively to cases on collateral review. Several courts have held that Booker and Blakely are not retroactive on collateral review. Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005), Humphress v. United States, 398 F.3d 855, 862-63 (6th Cir. 2005), McReynolds v. United States, 397 F.3d

479, 480-81 (7th Cir. 2005), and Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Petitioner's case was final prior to the issuance of the Booker decision. He therefore cannot now attack his sentence as in violation of Booker.

Petitioner's motion as it relates to Booker and to all other sentencing issues is procedurally defaulted. Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742."[1] "[T]he right to appellate relief under Booker is among the rights waived by a valid appeal waiver, even if the parties did not anticipate the Blakely/Booker rulings. United States v. Fogg, 409 F.3d 1022, 1025 (8th Cir. 2005).

A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner contends that his waiver should not be enforced because he understood that he could appeal if his sentence was based upon more than eight (8) grams of methamphetamine. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified under oath at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Whether or not defense counsel failed to adequately warn him about his waiver, he was warned by this Court in no uncertain terms what important rights he was waiving.

Petitioner's waiver may and should be specifically enforced both as to Booker claims as well as to any other sentencing issues. His claims to the contrary are totally without legal merit.

## II. Ineffective Assistance of Counsel on Appeal.

Petitioner contends that counsel was ineffective on appeal in failing to file a response to the government's motion to dismiss the appeal. No response could have been filed, except in

---

[1] Petitioner reserved the right to appeal an upward departure. No departure was imposed.

violation of the rules of professional conduct and the rules of appellate procedure, both of which bar frivolous pleadings. Petitioner waived his rights to appeal his conviction and sentence and he therefore cannot prevail on his claim that counsel was ineffective in failing to contest the government's motion to dismiss the appeal.

### III. Ineffective Assistance of Trial Counsel In Inducing Guilty Plea.

Petitioner contends that trial counsel was ineffective in that she induced him to plead guilty to having possessed with intent to distribute 3 ounces (85.05 grams) of methamphetamine while reassuring him that he would be sentenced based upon 3 grams of methamphetamine. To support a claim of ineffective assistance of counsel in improperly persuading petitioner to plead guilty, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness--and prejudice–"a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

"When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Taylor v. Bowersox, 329 F.3d 963, 972 (8TH Cir. 2003) (*quoting* McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Petitioner was originally facing a mandatory minimum sentence of ten years (120 months). The negotiated plea agreement eliminated the mandatory minimum sentence and his actual sentence was approximately 1/3 of the mandatory minimum. "The threat of a heavier sentence does not render a plea involuntary." Wilcox v. Hopkins, 249 F.3d 720, 724 (8th Cir. 2001).

"Where a guilty plea is challenged under the second prong of the *Strickland* test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on

going to trial.'" Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997 ) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

Petitioner claims that he is innocent of having distributed well over 3 grams of methamphetamine and that he would not have pleaded guilty but for counsel's coercion. To the extent that petitioner is claiming his plea was involuntary because his counsel rendered ineffective assistance, petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Petitioner signed a factual basis statement wherein he admitted the conduct set forth in the superseding information. He specifically admitted having possessed with the intent to distribute 3 ounces of methamphetamine. Additionally, he agreed in the factual basis statement that he understood additional amounts may be attributed to him for sentencing purposes. During the change-of-plea hearing, petitioner testified under oath that he understood the plea agreement, that he was "fully" satisfied with his lawyer's services, and that he was pleading guilty without coercion of any kind. He stated twice that the factual basis statement was true and correct. He understood the maximum sentence was twenty years custody, substantially more than the nearly four year sentence imposed. Petitioner's testimony at the plea hearing that he was not coerced to plead guilty and that he was not promised anything other than what was in the plea agreement "constitutes persuasive evidence of voluntariness . . . which has not been overcome by his later allegations." Bramlett v. Lockhart, 876 F.2d at 647. He is lying now or lied at his plea hearing.

Petitioner claims that he was promised by counsel that he would receive a sentence based upon a quantity of 3 grams (rather than 3 ounces). There is no such promise in the plea agreement. At the plea colloquy, petitioner was advised very clearly what the maximum penalties were and he stated under oath that he understood those penalties. He further stated that nobody promised him what sentence he would receive and that he understood that any estimate

of sentence made by his counsel, counsel for the government, or "anyone else" was just an estimate and the Court was not bound by any such estimate.

Petitioner declared under oath at the change of plea hearing that he understood the proceedings against him, that he was fully satisfied with his lawyer and the representation by the lawyer, that he did not need more time to talk with his lawyer, and that he committed the crime charged in the superseding information. It is clear on the record that petitioner's plea was knowing, voluntary, and intelligent. I observed his demeanor and heard his testimony. Petitioner cannot meet the burden of proving that his counsel's conduct fell outside a wide range of reasonable professional assistance, that any prejudice resulted, or that his confession in open court and guilty plea were involuntarily made.

### IV. Ineffective Assistance of Counsel Based Upon Conflict of Interest.

The probation officer who prepared the petitioner's presentence investigation report suggested that the petitioner was entitled to a two level reduction in offense level pursuant to Guidelines § 5C1.2, the safety valve provision. The government objected to the reduction, contending that the petitioner did not meet criteria number (5) which requires:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . .

After a review of the "debriefing" provided by co-defendant (and cousin) Bradley Nystrom, the two level reduction was denied based upon petitioner's complete failure to disclose any methamphetamine sales to Nystrom and his affirmative denial of such sales. Petitioner's failure to disclose any drug activity involving Nystrom also served as the basis for the government's failure to make a motion pursuant to Guidelines § 5K1.1 to reduce sentence. The government had agreed to make such a motion in exchange for defendant providing "full, complete, and truthful information" to the government. Petitioner's lack of candor as to drug activity involving Nystrom resulted in two separate lengthy sentencing hearings approximately three hours in total length. The two level reduction ultimately was not applied, resulting in a Guidelines range of 46-57 months. Petitioner was sentenced at the bottom of the range. The two level reduction would have put the petitioner in the 37-46 month range of the then mandatory Guidelines.

Petitioner contends that he was not forthright regarding his involvement with Nystrom, based upon advice from his attorney who labored under a conflict of interest. Petitioner claims that at least half of his attorney fees were being paid for by Nystrom's father. Further, petitioner claims that his attorney had previously represented Nystrom in other criminal matters. He contends that, because of his attorney's conflict of interest, she directed him to omit any reference to drug activity involving Nystrom. Nystrom had, however, revealed his drug activity involving petitioner. Faced with the apparent discrepancy, the focus of petitioner's sentencing hearing concerned the loss of the safety valve reduction, the government's refusal to make a substantial assistance departure motion, and the petitioner's lack of credibility regarding the extent of his drug activities.

The Sixth Amendment right to the effective assistance of counsel "embraces the right to conflict-free counsel." Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004) (*quoting* Dawan v. Lockhart, 31 F.3d 718, 720-21 (8th Cir. 1994)). Where the alleged conflict of interest is not raised in the trial court, the petitioner must show that an actual conflict of interest adversely affected his counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). If the petitioner shows that a conflict of interest actually affected the adequacy of his representation, he need not demonstrate prejudice in order to obtain relief. *Id.* at 349-50, 100 S.Ct. at 1719. Prejudice is presumed under those circumstances. Covey v. United States, 377 F.3d at 907.

Petitioner has set forth with specificity the alleged conflict of interest and that such conflict adversely affected the advice given to him in conjunction with his debriefing, his presentence interview, and the evidence presented at the sentencing hearing. It is appropriate to require the government to file a response so that the Court can determine whether there exist factual issues requiring an evidentiary hearing.

Now, therefore,

IT IS ORDERED that, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before October 13, 2005.

The answer shall address only the claim that counsel was ineffective because she labored under an actual conflict of interest.

Dated this 22ND day of September, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Doeppe*
DEPUTY
(SEAL)